UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAMES MILLER, ET AL | CIVIL ACTION NO. 13-cv-2658 |
| VERSUS | JUDGE DOHERTY |
| AMERICAN STRATEGIC INS. CO. | MAGISTRATE JUDGE HANNA |

**Memorandum Ruling and Orders**

Currently pending before the Court is the plaintiff's Motion for Leave to File First Amended Complaint [Rec. Doc. 13], which is opposed by the defendant [Rec. Doc. 14]. Oral argument was heard on the motion on January 27, 2015. After considering the arguments and memoranda of the parties, and for the reasons articulated during the hearing and restated herein, the motion is GRANTED.

*Factual and Procedural Background:*

In this litigation, the plaintiffs allege that their home was damaged as a result of heavy rains and general flooding conditions in the Carencro, Louisiana area on March 12, 2012. The details are set out in the Complaint, filed September 13, 2013. [Rec. Doc. 1] At the time of the incident, the plaintiffs were insured under a flood insurance policy issued by Defendant American Strategic Ins. Co.[ASI], a Write-Your-Own Program participant in the federal government's Nation Flood Insurance Program (NFIP). The policy was in effect from June 10, 2011 through June 10, 2012.

While flood waters did not enter the Miller home over its threshold, the Millers contacted their insurance agent at Liggio Insurance Agency, where they had purchased the flood insurance policy. They allege that the Liggio representative assured them they had not experienced a "flood event." It was not until June, 2012 that the plaintiffs saw actual damage which they related to the flooding in March, 2012. They again contacted Liggio and were advised that foundation problems were not covered in their policy. The Millers hired repairmen to address the floor problem, and they discovered wet floor joists and damaged plywood, which prompted them to make a flood damage claim. In response, the carrier sent an adjuster to inspect the property and prepare a proof of loss for the Millers' signature. The document was sufficient for recovery of compensation for general post-flood cleaning, but the Millers were not compensated for the damage to their flooring and home.

By September 13, 2012, the Millers were informed by the flood insurer that it was closing their claim for failure to provide adequate proof of loss. By October 31, 2012, the Millers submitted a proof of loss of their own making, swearing to its accuracy, for total losses of $92, 442.02. On November 28, 2012, they received correspondence from the flood insurer acknowledging receipt of the proofs of loss and reiterating that "clean up and dry out" were the extent of covered losses. The Millers appealed the decision. By March 13, 2013, the Director of Claims for the

National Flood Insurance Program upheld the flood insurer's determination.

In the Complaint filed September 13, 2013, Plaintiffs asserted their home was partially damaged from the rising water and flood after the March, 2012 storm and was damaged further as a consequence of the flood insurer's poor handling of their claim, which they contend constitutes bad faith.  The lawsuit was answered by American Strategic Insurance Corporation [ASI]. [Rec. Doc. 3] ASI admitted that it issued the Millers' flood insurance policy for the period alleged.  ASI also admitted to the communications had with the Millers regarding their claimed loss.  However, ASI asserted that Plaintiffs have no rights of recovery from the defendant under federal law beyond what is provided for in the text of the policy. Trial of this matter is set for April 6, 2015.

On  December 2, 2014, Plaintiffs filed the Motion to Amend/Correct the Complaint which is before the court.[Rec. Doc. 13].  The Millers seek to add Liggio Insurance Agency, Inc. as an additional defendant.  They allege in the proposed amended pleading that "as instructed by their flood policy documentation," they advised Liggio of the flood waters which had stopped just before entering their threshold, to be told by Liggio representatives that they "had not experienced a flood event." [Rec. Doc. 13-1, ¶5].  When she later called the Liggio agency to report the discovery of floor damage in the home, she was advised that the policy did not cover

foundation problems. [Rec. Doc. 13-1, ¶6].  The Millers allege they consulted with Liggio personnel on numerous occasions to determine whether they needed to make a claim on the flood insurance policy, and "[r]elying on Liggio, however, the Millers waited and did not initiate a flood claim within normal time limits." [Rec. Doc. 13-1, ¶26].  Accordingly, per the plaintiffs, if their flood claim is deemed to be untimely by the Court, then it is untimely due to their agent's negligence.

The proposed pleading also seeks to add allegations against ASI, including details that ASI had addressed and considered the substance of the Millers' claim and had offered money to pay the claim, after ASI had raised the timeliness issue.

In opposition to the motion for leave to amend [Rec. Doc. 14] filed December 23, 2014, ASI has asserted arguments similar to those made in a summary judgment motion filed the next day [Rec. Doc. 15], namely that a person insured under the Standard Flood Insurance Policy, written by the federal government is charged with constructive knowledge of the provisions of his policy, regardless of his actual knowledge or his innocent ignorance. Thus, ASI argues that to the extent the Millers relied on representations by their agent Liggio which differed from the actual content of the policy, that reliance was unreasonable as a matter of law.  ASI further argues that to allow the filing of the proposed amended pleading would cause undue delay which would be prejudicial to ASI and would place an unreasonable burden on the

U.S. Treasury.  Finally, ASI argues that allowing the amendment would be futile since the Millers can have no viable cause of action against Liggio relative to the flood insurance policy.

*Applicable Law and Discussion:*

Provisions of Fed. R. Civ. P. 15 govern the circumstances in which parties who have already pleaded in a case will be permitted to amend such pleadings.  Within the time limits set out in Rule 15(a), parties may amend pleadings as a matter of course. In all other cases a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  If a proposed amendment cannot be filed as of right, and the opposing party will not consent, then permission to amend rests within the discretion of the court. Per Rule 15, "the court should freely give leave when justice so requires." *Id*. It is well-settled that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. V. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770(5th Cir. 1999); *see also Benson v. St. Joseph Reg. Health Center*, 575 F. 3d. 542, 550(5th Cir. 2009).  If leave to amend is denied, it often occurs because an amendment would create unfair prejudice to another party. Courts have considered such factors as undue delay, dilatory motive or bad faith on the part of the mover, and other factors causing unfair disadvantage or prejudice to the opposing party.  Futility of amendment is also

a ground for denying leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222(1962); *In re Southmark Corporation*, 88 F.3d 311(5th Cir. 1996). The Fifth Circuit has joined sister circuits that have interpreted "futility" to mean that the amended complaint would fail to state a claim upon which relief could be granted. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873(5th Cir. 2000).

The primary basis for ASI's objection to the effort to amend the pleading is that the effort would be futile. In support of its position, ASI has cited the strict construction standard in federal insurance programs, including the policy at issue, whereby the terms and conditions of such policies are binding upon all who seek recovery under the policy, regardless of actual knowledge of the policy requirements or the hardship resulting from actual ignorance. *See Federal Crop Ins. Corp. V. Merrill*, 332 U.S. 385(1947). This standard has long been recognized by the Fifth Circuit and it forms the basis for ASI's pending summary judgment motion, although that motion is not before this Court. Per ASI, Plaintiffs' theory that they detrimentally relied upon their agent Liggio is "incapable as a matter of law and therefore incapable of success," [Rec. Doc. 14, p. 3], making the proposed amendment futile. While ASI may succeed with that argument on its pending motion, it has not demonstrated that the Millers could not have a viable claim against their insurance agent based on

ordinary state law negligence or errors/omissions/malpractice principles. The Louisiana Supreme Court has recognized that an insurance agent owes a duty of reasonable diligence to his customer, and he is liable for his own fault or neglect. *See Isidore Newman School v. J. Everett Eaves, Inc.*, 42 So.3d 352, 356 (La. 2010). The factual allegations in the proposed pleading would seem to state a plausible cause of action against the agent defendant in that context under the Rule 12(b)(6) analysis. In the instant case, ASI's presentation of its dispositive motion currently pending before the district judge is unaffected by the filing of the proposed amended pleading and will not be delayed thereby.  For these reasons, and applying the liberal standard set out in Rule 15:

IT IS ORDERED that the motion for leave to amend is GRANTED without prejudice to the right of the newly added defendant to challenge the claims made against it.

 IT IS FURTHER ORDERED that the trial of the captioned matter, currently set for April 6, 2015, is CONTINUED WITHOUT DATE.

IT IS FURTHER ORDERED that the current Scheduling Order is hereby VACATED, and a new scheduling order will be issued on selection of the new trial date.

IT IS FINALLY ORDERED that upon disposition of the pending Motion for Summary Judgment, the parties shall **jointly** contact the court **within seven days** to

schedule a status conference to select a new trial date.

Signed at Lafayette, Louisiana this 29th day of January, 2015.

_____
Patrick J. Hanna
United States Magistrate Judge