RECEIVED

JUN 2 3 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAMES AND VICTORIA MILLER | CIVIL ACTION NO. 13-2658 |
| VERSUS | JUDGE DOHERTY |
| AMERICAN STRATEGIC INSURANCE CORPORATION | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is a motion for summary judgment [Doc. 15], filed by defendant American Strategic Insurance Corporation ("ASI"), whereby defendant seeks dismissal of all claims asserted against it by plaintiffs James and Victoria Miller. For the following reasons, the motion is GRANTED.

**I.      Background**

Plaintiffs brought this suit on September 13, 2013, seeking to recover benefits under a Standard Flood Insurance Policy ("SFIP") issued by ASI, under the provisions of the National Flood Insurance Act ("NFIA"). 42 U.S.C. §§ 4001, *et seq.*  Jurisdiction over this matter exists pursuant to 28 U.S.C. § 1331. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009)("an action for breach of an SFIP, a policy issued pursuant to the NFIP, satisfies § 1331 by raising a substantial question of federal law").

According to plaintiffs, on March 12, 2012, heavy rains and general flooding conditions in the Carencro, Louisiana area resulted in damage to their residence. [Doc. 1, ¶ 4] More specifically, plaintiffs allege "flood waters entered beneath the Plaintiffs' house and rose up to meet the

structure," but stopped "just before entering over the door threshold."[1] [Id. at ¶ 5] Plaintiffs contacted their insurance agent who had placed the flood policy and were told they had not experienced a flood event. [Id.]

A few days after the flood, Mr. Oscar Scudder (a contractor who was performing flood remediation work on a neighbor's home) visited plaintiffs' residence at their request, and noted there were pools of water under the house and the house had a musky smell. [Doc. 28-12, p. 10] Either at that time, or a couple of months after the flood, Mr. Scudder recommended the plaintiffs perform some tear out work to properly assess the damage. [Id. at 10; Doc. 28-12, p. 19]

In June 2012, "Mrs. Miller stepped through the floor of the home. . . ." [Doc. 1, ¶ 6] Mrs. Miller again had Mr. Scudder come to her home, and he advised her the damage to the floor was caused by the prior flooding. [Doc. 28-2, p. 21] Plaintiffs again contacted their insurance agent, who "advised foundation problems were not covered." [Doc. 1, ¶ 6]

Plaintiffs first contact with ASI regarding a potential flood loss occurred on July 27, 2012. [Doc. 15-2, ¶ 4] Shortly thereafter, ASI sent an adjustor who inspected the property and prepared a proof of loss for plaintiffs' signature, allowing for $528.00 for general post-flood cleaning. [Doc. 1, ¶ 8; *see also* Doc. 28-3, p. 20] Plaintiffs did not sign the proof of loss. [Doc. 28-2, p. 26; Doc. 15-9, p. 1] On September 13, 2012, ASI sent plaintiffs a letter stating plaintiffs' file was being closed for failure to submit a signed and sworn proof of loss. [Doc. 15-1, ¶ 5]

On October 31, 2012, plaintiffs submitted a letter to ASI, stating their disagreement with the adjustment of their claim, their opinion that the flooding had caused extensive water exposure under their home leading to the compromised flooring, and their opinion that the flooding had additionally

---

[1]According to plaintiffs, their home is partially built on piers. [Doc. 28, p.2]

caused their home to become contaminated with toxic mold. [Doc. 15-9] Plaintiffs requested ASI pay $92,442.02 for their claim, and stated that the information provided in the letter "should represent our proof of loss." [Id.] ASI responded to plaintiffs' letter by correspondence dated November 28, 2012, and informed plaintiffs their claim would remain closed because ASI's engineer's report "'indicate[d] that excessive moisture in crawlspace was a result of continuous condensation on the bottoms of the floors as there was no vapor barrier or insulation on the crawlspace,'" which was a condition specifically excluded under the policy. [Doc. 1, ¶ 11; Doc. 15-6, p. 5] Thereafter, plaintiffs filed this suit seeking damages due to ASI's "breach of the contract." [Doc. 1, p.6]

## II.    Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* at § (c)(1).

> As summarized by the Fifth Circuit:
>
> > When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues

on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. *Id.* at 322; *see also, Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994).

The Supreme Court has instructed:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

## III.   Applicable Law

ASI is a "Write-Your-Own" ("WYO") Program insurance carrier that participates in the issuance of flood insurance under the National Flood Insurance Act ("NFIA").   [Doc. 15-2, p.1] Congress created the NFIA to offer flood insurance coverage at or below actuarial rates, as "[i]t is uneconomical for private insurance companies to provide flood insurance with reasonable terms and conditions to those in flood prone areas." *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998); *see also Marseilles Homeowners Condominium Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008). "The Federal Emergency Management Agency ('FEMA') administers the program and has established, by regulation, the Standard Flood Insurance Policy ('SFIP'), 44 C.F.R. § 61.13."

*Dwyer v. Fidelity Nat. Property and Cas. Ins. Co.*, 565 F.3d 284, 285 (5th Cir. 2009).  SFIPs may be purchased either directly from FEMA or through private insurers known as "Write Your Own" companies. *Id.*; *Gowland* at 953. By statute, these private insurers act as fiscal agents of the United States. *Dwyer* at 285; *Gowland* at 953.  "The terms and conditions of all federal flood insurance policies . . . are fixed by FEMA." *Gowland* at 953. "Policies must be issued in the form of a Standard Flood Insurance Policy and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator." *Id.*  "Any payment on the policy ultimately comes from the United States treasury." *Dwyer* at 285; *see also Gowland* at 955.

"Federal law governs disputes over coverage arising under the National Flood Insurance Act. . . ." *Hanover Bldg. Materials, Inc. v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984). "When such disputes arise, they are resolved under federal law 'by drawing upon standard insurance law principles.'" *Id.* (quoting *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978)). "Federal law has long recognized that an insured must comply strictly with the terms and conditions of a federal insurance policy." *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 390 (5th Cir. 2000). "Congress, through a valid act of delegation to FEMA, has authorized payment of flood insurance funds to only those claimants who submit a timely sworn proof of loss." *Id.* at 394.

## IV.    Analysis

Defendant argues plaintiffs' claims must be dismissed because: (1) plaintiffs failed to submit a complete and sworn proof of loss for additional amounts sought pursuant to Article VII(J)(4); and (2) plaintiffs failed to provide ASI with "prompt written notice" of their flood loss pursuant to SFIP Article VII(J)(1). [Doc. 15-2, pp. 5, 10, 13]

The SFIP provides in pertinent part:

In case of a flood loss to insured property, you must:

1. Give prompt written notice to us;

. . . .

4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

  a. The date and time of loss;

  b. A brief explanation of how the loss happened;

  c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

  d. Details of any other insurance that may cover the loss;

  e. Changes in title or occupancy of the covered property during the term of the policy;

  f. Specifications of damaged buildings and detailed repair estimates;

  g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

  h. Details about who occupied any insured building at the time of loss and for what purpose; and

  i. The inventory of damaged personal property described in J.3. above.

44 C.F.R. Pt. 61, App. (A)(1) at art. VII(J).

Defendant argues plaintiffs "failed to submit any signed and sworn proof of loss to ASI at any point in time." [Doc. 15-2, p. 13 (emphasis in original)] In response, plaintiffs contend the letter they sent to defendant on October 31, 2012, "fulfills the requirements of the 'proof of loss.'" [Doc. 28-1, ¶ 3; Doc. 28, pp. 7, 9] Plaintiffs further assert the letter was timely, as it was submitted within sixty

days of when plaintiffs discovered the damage to their residence.[2] [Doc. 28, pp. 7-9]

Assuming *arguendo* plaintiffs' letter was timely submitted to defendant, it still would not constitute satisfactory proof of loss. The most obvious deficiency is that the letter is not "sworn to" by the insured.  44 C.F.R. Pt. 61, App. (A)(1) at art. VII(J)(4). "This requirement is important because it ensures that the plaintiff has carefully considered the information submitted to the government," *Bullard v. Connor*, 716 F.Supp. 1081, 1086 (N.D.Ill. 1989), "and serves to deter fraud," *Smith-Perre v. Fidelity Nat. Indem. Ins. Co.*, 2011 WL 3924178, *3 (S.D.Fla.). *See also Holeman v. Director, Federal Emergency Management Agency*, 699 F.Supp. 98, 99 (N.D.Tex. 1988)("filing a proof of loss in letter form" was insufficient where "the letter was not sworn to"). In this matter, although plaintiffs' letter to ASI is signed by Mr. Miller, it is not "sworn to" in any manner. *See e.g. Pichon v. National Flood Ins. Program*, 2009 WL 3353086, *3 (E.D.La.) (no genuine issue of material fact existed whether plaintiff filed a valid proof of loss, where plaintiff submitted only signed, unsworn letter to insurer).  Submission of a sworn proof of loss is a "condition precedent" to bringing a suit under the NFIA. *Marseilles* at 1055.

Further, plaintiffs letter to ASI does not set forth plaintiffs' interest in the property, any changes in title or occupancy, detailed repair estimates, names of mortgagees, or details about who occupied the residence at the time of loss and for what purpose. 44 C.F.R. Pt. 61, App. (A)(1) at art. VII(J)(4).  A NFIP participant is prohibited from filing a lawsuit to recover money under a SFIP unless he or she has "complied with all the requirements of the policy." 44 C.F.R. § 61, App. (A)(1) at VII(R).  "[T]he provisions of an insurance policy issued pursuant to a federal program must be

---

[2] Plaintiffs contend they did not discover the deterioration in their flooring had been caused by the flood until "excavation of the floor," in late July or early August, 2012. [Doc. 28, pp. 5, 7] They further contend they "first learned of the presence of toxic mold in the house due to the flood in October 2012. . . ." [Id. at 6]

strictly construed and enforced. . . ." *Gowland* at 954. The Fifth Circuit explicitly holds "that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Id.* Substantial compliance is not enough. *See e.g. Richardson v. American Bankers Insurance Company of Florida*, 279 Fed.Appx. 295, 299 (5th Cir. 2008); *Joanen v. State Farm Fire and Cas. Co.*, 2012 WL 1123609, *3 (W.D.La.). Accordingly, there exists no genuine issue of material fact in this matter as to whether plaintiffs filed a valid proof of loss statement at any time; plaintiffs did not. As the Court finds plaintiffs failed to satisfy a condition precedent to filing a lawsuit under a SFIP – namely, submission of a complete, sworn proof of loss to the insurer – the Court pretermits consideration of whether what plaintiffs did supply constituted "prompt written notice" of their loss.[3]

## V.    Conclusion

In light of the foregoing, defendant's motion for summary judgment is GRANTED, and plaintiffs claims against ASI are DISMISSED with prejudice.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _____23[RD]_____ day of June, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3] "[G]iving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements" of SFIPs. *Gowland* at 954. While perhaps plaintiffs' letter dated October 31, 2012 was sufficient to provide written notice of plaintiffs' loss, the Court need not reach the issue of whether that notice was sufficiently "prompt," as plaintiffs have not satisfied the requirement that they submit a complete, sworn proof of loss to ASI, as discussed above.